IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| DAVON SIMS, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:22-cv-00003 |
| v. | ) |
| | ) Removed from Circuit Court of Richmond |
| GREENWOOD MOTOR LINES, INC, et al., | ) City, Virginia; 760CL2000650800 |
| | ) |
| Defendants. | ) |

### NOTICE OF REMOVAL

COME NOW Defendants Greenwood Motor Lines, Inc. d/b/a R+L Carriers, Paul Alan Vanderwerken (improperly spelled Van Der Werken), R&L Transfer, Inc., and R&L Transfer, LLC (collectively the "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and hereby remove this case from the Circuit Court of Richmond City, Virginia, where it is now pending as Case Number 760CL2000650800, to the United States District Court for the Eastern District of Virginia, and as grounds therefore say as follows:

    **A.**    **Facts Supporting Removal**

    1.    Plaintiff Davon Sims commenced this personal injury action against Defendants on December 23, 2020, by filing a Civil Cover Sheet and Complaint in the Circuit Court of Richmond City, Virginia.

    2.    True and correct copies of the state record, including all process, orders, and other papers served on Defendants as of the date of this removal are collectively attached as **Exhibit 1.**

    3.    Service of process on the registered agent of Greenwood Motor Lines, Inc., d/b/a R+L Carriers ("Greenwood"), was completed on or after December 10, 2021. Ex. 1 at Pg. 13, Affidavit of Service.

4. Service of process on Paul Alan Vanderwerken and R&L Transfer, Inc. was completed by acceptance of service by counsel on December 22, 2021. *See* Acceptances/Waivers of Service of Process, collectively attached as **Exhibit 2**.

5. Service of process on the purported entity named "R&L Transfer, LLC" was issued by certified mail to CT Corporation in Plantation, Florida, on December 17, 2021. Ex. 1 at Pg. 21. Upon information and belief, CT Corporation accepted service for R&L Transfer, LLC on December 27, 2021. However, there is no legal entity known as R&L Transfer, LLC that is affiliated with Greenwood or R&L Transfer, Inc., and the registered agent of R&L Transfer, Inc. is not authorized to accept service of process for R&L Transfer, LLC. Declaration of Jeffrey C. Wade at ¶¶ 4-5, attached as **Exhibit 3**.

6. Removal is timely under 28 U.S.C. § 1446(b)(1) because this Notice is filed within thirty days of receipt by any defendant, through service, of Plaintiff's Complaint.

    **B.**    **Legal Basis and Jurisdiction**

7. Pursuant to 28 U.S.C. § 1332(a)(1), federal subject matter jurisdiction exists here because all parties properly joined are completely diverse from the Plaintiff, and the amount in controversy, exclusive of interest and costs, is greater than $75,000.

8. Plaintiff's case arises out of a December 28, 2018, motor vehicle accident in Rockbridge County, Virginia. Ex. 1 at Pg. 3, Complaint at ¶ 10. Plaintiff was the passenger of a vehicle that collided with a tractor-trailer operated by Vanderwerken in furtherance of Greenwood's business as a motor carrier. Plaintiff contends the tractor-trailer was owned by Greenwood, R&L Transfer, Inc., R&L Transfer, LLC, and/or fictitious defendant John Doe 2. *Id.* at Pg. 3, Complaint at ¶¶ 11 and 12.

9. Plaintiff is a citizen of Alabama. *Id.* at Pg. 2, Complaint at ¶ 1.

10. Greenwood is a corporation organized under the laws of the State of South Carolina with its principle place of business in Ohio. Thus, for diversity jurisdiction purposes, Greenwood is a citizen of South Carolina and Ohio. 28 U.S.C. § 1332(c)(1).

11. Vanderwerken is an individual whose permanent domicile is in Tennessee. Ex. 1 at Pg. 2, Complaint at ¶ 4. Thus, for diversity jurisdiction purposes, Vanderwerken is a citizen of Tennessee.

12. R&L Transfer, Inc. is a corporation organized under the laws of the State of Ohio with its principal place of business in Ohio. Thus, for diversity jurisdiction purposes, R&L Transfer, Inc. is a citizen of Ohio. 28 U.S.C. § 1332(c)(1).

13. Plaintiff's Complaint erroneously alleges that "R&L Transfer, LLC is a foreign corporation with its principal place of business in Alexandria, Indiana and is engaged in the shipping and hauling of freight." Ex. 1 at Pg. 2, Complaint at ¶ 5. A limited liability company is not a corporation and is considered to be a citizen of every state where any of its members is a citizen, but accepting Plaintiff's allegation as true then R&L Transfer, LLC is a citizen of Indiana. To be clear, however, there is no legal entity known as R&L Transfer, LLC that is affiliated with Greenwood or R&L Transfer, Inc. Ex. 3 at ¶ 4. Vanderwerken was not employed by, driving for, nor the agent of R&L Transfer, LLC at the time of the subject accident, and R&L Transfer, LLC did it own the commercial motor vehicle at issue. *Id*. Moreover, online searches reveal there is no entity named R&L Transfer, LLC registered to do business with Secretaries of State of Indiana, Florida, and Ohio. Hence, there is no possibility of Plaintiff establishing a claim against R&L Transfer, LLC even after resolving all issues of fact and law in Plaintiff's favor. To the extent Plaintiff's Complaint names R&L Transfer, LLC as a separate and distinct defendant, then R&L

Transfer, LLC is fraudulently joined and its citizenship shall be disregarded for diversity purposes. *See Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 218 (4th Cir. 2015).

14.  Fictitious defendants "John Doe 1" and "John Doe 2" are named only in the alternative, and the citizenship of fictitious defendants shall be disregarded when determining whether an action is removable. 28 U.S.C. §1441(b)(1); *Lindsey v. Highwoods Realty L.P.*, U.S. Dist. LEXIS 108172, *7 (E.D. Va. September 22, 2011).

15.  No properly joined defendant is a citizen of Virginia.

16.  Plaintiff alleges that she suffered multiple, serious physical injuries as a result of the subject accident. Ex. 1 at Pg. 3, Complaint at ¶ 15. Plaintiff seeks compensatory damages for permanent and nonpermanent bodily injuries, out of pocket expenses and damages, and past and future physical pain, mental anguish, inconvenience, deformity and disfigurement, medical expenses, lost earnings, and diminished earning capacity. *Id.* at Pgs. 4-5, Complaint at ¶ 23.

17.  Plaintiff's Complaint demands Four Hundred Fifty Thousand Dollars ($450,000.00) in compensatory damages, plus interest. *Id.* at Pg. 5, Complaint *ad damnum* clause.

### D. All Other Removal Requirements Satisfied.

18.  All named and properly joined Defendants consent to the removal of this action.

19.  A copy of the Notice to State Court of Removal that is being filed with the clerk of Circuit Court of Richmond City, Virginia, is attached as **Exhibit 4.**

20.  Defendants submit this Notice of Removal without waiver of any defenses.

WHEREFORE, Defendants pray that this action proceed in this Court as an action properly removed thereto.

Respectfully submitted this the 3rd day of January, 2022.

/s/
Dov M. Szego (VSB 44586)
Wilson Elser Moskowitz Edelman & Dicker, LLP
8444 Westpark Drive – Suite 510
McLean, VA 22102-5102
703.245.9300 (Main)
703.245.9301 (Fax)
Dov.Szego@wilsonelser.com

*Attorneys for Defendants, Greenwood Motor Lines, Inc., d/b/a R+L Carriers, Paul Alan Vanderwerken, R&L Transfer, Inc., and R&L Transfer, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2022, the following document was filed electronically using the Court's CM/ECF system and served on the following via U.S. Mail postage prepaid and electronic mail addressed as follows:

Kevin Biniazan (VSB 92109)
Breit Cantor Grana Buckner, PLLC
600 22nd Street Suite 402
Virginia Beach, VA 23451
Phone: (757) 622-6000
kevin@bbtrial.com
*Attorney for Plaintiff*

/s/
Dov M. Szego

5